IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DAVID ADEEB,

    Plaintiff,

v.

ROXTEC INC., a Foreign Profit Corporation,

    Defendant.

Case No.: 8:25-cv-02571

## PLAINTIFF'S MOTION TO REMAND

Plaintiff, DAVID ADEEB, appearing pro se, respectfully moves this Court pursuant to 28 U.S.C. § 1447(c) to remand this action to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, and states:

### I. BACKGROUND

1. Plaintiff filed this action in the Circuit Court of Pasco County, Florida, on August 28, 2025 (Case No. 2025CA002629CAAXES).

2. Defendant Roxtec, Inc. was served with process on September 3, 2025.

3. Roxtec's deadline to respond in state court was September 23, 2025.

4. On September 22, 2025, at 4:38 p.m., Defendant's counsel, Grace DeJohn, emailed Plaintiff requesting a two-week extension of time to respond, indicating they were not prepared to respond by the September 23 deadline (Exhibit A).

5. Plaintiff declined the extension in writing (Exhibit B).

6. On September 23, 2025, the very last day of its deadline, Roxtec filed a Notice of Removal.

## II. FLORIDA'S STRONG INTEREST IN THIS CASE

7. Roxtec is registered as a foreign profit corporation with the Florida Division of Corporations and conducts substantial and ongoing business operations in this State. As part of that registration, it voluntarily appointed a registered agent in Florida, thereby availing itself of Florida law and reasonably anticipating being haled into Florida courts when disputes arise.

   **Judicial Notice.** Plaintiff respectfully requests that the Court take judicial notice, pursuant to Fed. R. Evid. 201, of Roxtec, Inc.'s registration as a foreign profit corporation with the Florida Division of Corporations, its designation of a registered agent in Florida, and its annual report filings, all of which are matters of public record maintained by the Florida Department of State and not subject to reasonable dispute. These records confirm Roxtec's ongoing presence and business operations in Florida and reinforce that Florida has a strong interest in adjudicating disputes arising under its employment statutes.

8. Defendant's Notice of Removal repeatedly asserts Roxtec's citizenship and principal place of business in Oklahoma, but does not disclose Roxtec's registration and maintained registered agent in Florida. By contrast, Plaintiff's Complaint alleges Roxtec is authorized to do business in Florida and maintains a registered agent here. Plaintiff respectfully requests the Court take judicial notice of Roxtec's Florida registration and annual filings

(public records, Exhibits 3 and 4), and notes that Defendant's omission of those public records from its removal filing further supports the conclusion that removal was motivated by forum-shopping and delay.

9. Roxtec hired Plaintiff in Florida as a manager and continues to employ other individuals in Florida. Plaintiff performed his work duties exclusively within Florida, and his claims arise under Florida statutes, including the Florida Whistleblower Act, Fla. Stat. § 448.102(3).

10. Florida courts have consistently recognized their interest in adjudicating disputes involving out-of-state corporations that employ individuals within the state. *See* Brown v. Nicholas Financial, Inc., 255 So. 3d 902 (Fla. 2d DCA 2018) (Florida courts exercised jurisdiction where employee worked in Florida though employer was headquartered elsewhere); Hernandez v. Colonial Grocers, Inc., 124 So. 3d 408 (Fla. 2d DCA 2013) (Florida Whistleblower Act applies to protect Florida employees regardless of employer's incorporation state).

11. Roxtec's decision to register in Florida, maintain a registered agent, and hire workers here demonstrates that it availed itself of Florida law and should reasonably anticipate answering claims in Florida state courts.

12. Roxtec is not only registered with the Florida Division of Corporations but also files mandatory annual reports before May 1 each year, as required by Florida law. By maintaining this registration year after year, Roxtec confirms its intent to conduct ongoing business within Florida and to remain subject to Florida's laws and courts. This reinforces that Roxtec is not a distant stranger to this forum, but an employer availing itself of Florida's protections while employing Floridians subject to Florida statutory rights.

13. Florida has a compelling interest in ensuring that employers operating within its borders comply with its statutory protections.

### III. REMOVAL WAS A BAD-FAITH DELAY TACTIC

14. Roxtec's own counsel indicated, on September 22, 2025, that no answer had yet been prepared (*see* Exhibit A). Plaintiff declined an extension (*see* Exhibit B).

15. On September 23, 2025, Roxtec filed its Notice of Removal at the eleventh hour.

16. The timing suggests that removal was not motivated by jurisdictional necessity, but rather as a bad-faith tactic to stall proceedings and avoid default.

17. Plaintiff is a pro se litigant. Roxtec's removal shifts this dispute into a forum with stricter procedural burdens, disadvantaging Plaintiff while rewarding Defendant's lack of preparedness.

18. Removal statutes must be strictly construed, and all doubts resolved in favor of remand. *See* Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941).

19. Allowing removal here would reward procedural gamesmanship and undermine Florida's strong interest in enforcing its employment laws for employees working in this State.

### IV. FORUM SHOPPING AND JUDICIAL ECONOMY

20. Roxtec's timing makes clear that removal was motivated not by jurisdictional necessity but by delay and forum shopping. Defendant waited until the last possible day to respond in state court, indicated in writing it had no answer prepared, and then sought removal after

Plaintiff declined an extension. This is precisely the type of procedural gamesmanship the removal statutes are meant to guard against.

21. Judicial economy also favors remand. There is no reason to burden this Court with a case that arises solely under Florida law, involves a Florida plaintiff and Florida statutory protections, and turns on facts centered in Florida. Federal courts are courts of limited jurisdiction, and judicial economy is best served by allowing Florida's own courts to resolve disputes concerning its employment statutes and its residents.

22. Remand serves the interests of both the parties and this Court by ensuring the dispute is heard where it belongs.

## V. COMPLETE DIVERSITY IS IN DOUBT

23. Roxtec claims diversity jurisdiction based on incorporation and a nominal headquarters in Oklahoma. However, its business reality demonstrates otherwise. Tulsa functions primarily as a back-office support location. Roxtec's CEO, HR staff, finance department, and warehouse operations are located there, but the company maintains no sales staff or sales managers in Tulsa. Roxtec employs managers, salespeople, and staff across the United States, including in Florida, and its operational functions are dispersed nationwide rather than concentrated in Tulsa.

24. Roxtec's revenue-generating functions—including all sales personnel, regional managers, marketing staff, engineering and certification personnel, and both vice presidents—are located outside Oklahoma. In fact, Roxtec has almost no customers in Oklahoma and derives nearly no revenue from that state.

25. The Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), held that a corporation's principal place of business is its "nerve center," meaning the place where high-level officers direct, control, and coordinate activities. Where an office is merely administrative in nature and does not reflect the company's true locus of business direction, it serves only as a nominal headquarters. Roxtec's operational decisions and market-facing functions are scattered nationwide, with no concentration in Oklahoma.

26. Here, Roxtec's functional management and business reality more closely resemble a Florida-based employer than an Oklahoma corporation. Roxtec also affirms its Florida presence by filing annual reports with the Florida Division of Corporations before May 1 each year, as required by law. By doing so, it confirms its ongoing business operations in Florida and its continuing consent to Florida's legal and regulatory framework.

27. Roxtec's business reality makes it indistinguishable from a Florida employer, and it should not be able to escape accountability in Florida courts by claiming a distant headquarters.

28. At a minimum, these facts cast substantial doubt on whether complete diversity exists. Under Eleventh Circuit precedent, all such doubts must be resolved in favor of remand. *Univ. of S. Ala.*, 168 F.3d at 411; *Ferry v. Bekum America Corp.*, 185 F. Supp. 2d 1285, 1289 (M.D. Fla. 2002).

## VI. CONCLUSION

29. This case involves Florida statutory rights, Florida employees, and an employer that is registered and doing business in Florida.

30. Roxtec's removal, filed only after indicating it was unprepared to answer, was not motivated by a genuine need for federal adjudication but rather as a delay tactic to avoid its state court obligations.

31. Roxtec's claimed headquarters in Tulsa functions primarily as an administrative office with no sales staff or sales managers, almost no customers, and nearly no revenue generated from Oklahoma. Its business reality is dispersed nationwide, with substantial operations and employees in Florida. At a minimum, these facts create doubt as to whether complete diversity exists. Under binding Eleventh Circuit precedent, all doubts must be resolved in favor of remand.

32. Because removal statutes are strictly construed, and because any doubt about jurisdiction requires remand, this case belongs in Florida state court where it was filed.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order remanding this action to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, and granting such further relief as the Court deems just and proper.

[CERTIFICATE OF SERVICE AND SIGNATURE BLOCK ON THE FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail and/or email on this 25th day of September, 2025, to:

- Amanda M. Mercado, Esq., Ford & Harrison LLP, 401 E. Jackson Street, Suite 2500, Tampa, FL 33602 (amercado@fordharrison.com)

- Joseph H. Harris, Esq., Ford & Harrison LLP (jhharris@fordharrison.com)

- Jacob S. Crawford, Esq., McAfee & Taft (jake.crawford@mcafeetaft.com)

- Grace A. DeJohn, Esq., McAfee & Taft (grace.dejohn@mcafeetaft.com)

Respectfully submitted,

_____
DAVID ADEEB
Plaintiff, Pro Se
6711 Bar S Bar Trl
Zephyrhills, FL 33541
727-222-3114
davidadeeb@gmail.com