# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

**DAVID ADEEB, Plaintiff,**

**v.**

**ROXTEC INC., a Foreign Profit Corporation, Defendant.**

Case No.: 8:25-cv-02571-WFJ-CPT

# PLAINTIFF'S MOTION TO CLARIFY DISCOVERY STATUS, TO LIFT ANY DISCOVERY STAY, AND TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER

[Content begins on the following page]

Plaintiff David Adeeb, proceeding pro se, moves for an order clarifying whether the discovery stay entered pursuant to the parties' Joint Motion to Stay Discovery (Doc. 54) continued to govern discovery after the filing of the operative Second Amended Complaint and, to the extent any stay remains in effect, lifting it, and modifying the Case Management and Scheduling Order for good cause. In support, Plaintiff states as follows:

### I. Relevant Background

On December 19, 2025, the Court entered its Case Management and Scheduling Order ("CMSO") (Doc. 47). Relevant deadlines include: Plaintiff's expert disclosure on June 12, 2026; Defendant's expert disclosure on July 13, 2026; rebuttal expert disclosure on July 27, 2026; discovery cutoff on October 16, 2026; dispositive motions by December 17, 2026; and trial during the July 6, 2027 trial term.

Plaintiff served his Rule 26(a)(1) initial disclosures on December 17, 2025.

Defendant served its Rule 26(a)(1) initial disclosures on January 5, 2026.

On December 29, 2025, Plaintiff served his First Request for Production on Defendant.

On January 9, 2026, Defendant filed a motion to dismiss Plaintiff's First Amended Complaint. Doc. 51.

On January 29, 2026, the parties jointly moved to stay discovery. Doc. 54. That motion stated that the parties sought to stay discovery pending resolution of Defendant's motion to dismiss and that, upon the Court's ruling on that motion, discovery would resume immediately as to any counts that remained. Doc. 54 ¶ 3. The

motion further stated that the stay would toll Defendant's deadline to respond to Plaintiff's request for production until the Court ruled on the motion to dismiss. Doc. 54 ¶ 4.

On January 30, 2026, the docket reflects that the Court entered Doc. 56, granting Defendant's motion to dismiss the First Amended Complaint in its entirety with leave to amend, and then entered Doc. 57, granting the parties' Joint Motion to Stay Discovery. The Joint Motion provided that discovery would resume "as to any counts that may remain" upon the Court's ruling on the motion to dismiss. Doc. 54 ¶ 3. Because Doc. 56 dismissed the First Amended Complaint in its entirety, no counts of that pleading remained at the moment the Court entered Doc. 57. That sequence reasonably suggested that the stay would continue to govern discovery during the Court-authorized amendment period and the filing of the Second Amended Complaint, and the parties thereafter proceeded on that understanding. No later order clarified otherwise. Plaintiff seeks clarification of that status now, together with related schedule relief, in light of the approaching expert disclosure deadline.

Plaintiff filed the operative Second Amended Complaint on February 13, 2026. Doc. 58.

On February 26, 2026, Defendant filed a new motion to dismiss directed to the Second Amended Complaint. Doc. 59. That motion remains pending.

On May 29, 2026, the parties participated in mediation before Richard Annunziata, Esq. The mediation did not resolve the case.

Plaintiff now requires prompt clarification because his expert disclosure deadline is June 12, 2026, and Plaintiff's efforts to evaluate and retain appropriate expert assistance have been partially hindered by the absence of meaningful fact discovery during the period discovery has been treated as stayed. Plaintiff is actively retaining a forensic economist to address damages issues, including back pay, front pay, lost benefits, lost employer-funded retirement contributions, and related damages issues pleaded in the Second Amended Complaint, recognizing that the discovery record may inform the scope and nature of any retained expert testimony, as further discussed in Section III.C below.

## II. Legal Standard

A Rule 16 scheduling order remains binding unless modified for good cause, and the good-cause inquiry turns on whether the schedule could not reasonably be met despite the movant's diligence. *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537 (M.D. Fla. 1997); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998). When a court has entered a case-management schedule, that schedule controls expert-disclosure timing, and the court may hold litigants to those deadlines absent good cause for extension. *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795 (11th Cir. 2017). In this District, discovery stays pending dispositive motions are generally disfavored, and the party seeking a continued stay bears the burden of establishing its need. *Joens v. Mr. Cooper*, No. 8:23-cv-02717 (M.D. Fla. Feb. 29, 2024).

Page 3 of 8

## III. Argument

**A. The Doc. 54 stay was reasonably understood to govern discovery on the operative Second Amended Complaint; alternatively, any stay now in effect should be lifted.**

Doc. 54, read together with the January 30, 2026 docket sequence, reasonably suggested that the stay remained operative during the Court-authorized amendment period and after the filing of the Second Amended Complaint. Doc. 54 provided that discovery would resume "as to any counts that may remain" upon the Court's ruling on the motion to dismiss. Doc. 54 ¶ 3. Once the Court granted Doc. 51 in full (Doc. 56), no counts of the First Amended Complaint remained. The Court nevertheless granted, rather than denied as moot, the Joint Motion to Stay Discovery. Doc. 57. That sequence reasonably suggested that the stay remained operative during the transition to the forthcoming Second Amended Complaint, and the parties thereafter proceeded on that understanding.

The parties acted consistently with that reading. Neither party served or responded to discovery between January 30, 2026 and the present, and the case has proceeded through SAC briefing and mediation on that shared understanding. Plaintiff therefore seeks clarification from the Court as to the current status of the stay so that the parties may proceed with appropriate certainty on the existing schedule.

To the extent the Court reads Doc. 54 differently and concludes the stay expired upon resolution of Doc. 51, the same relief should follow. Continued discovery stays pending dispositive motions are generally disfavored in this District, and the burden

of justifying a continued stay rests on the party seeking it. *Joens v. Mr. Cooper*, No. 8:23-cv-02717 (M.D. Fla. Feb. 29, 2024). Once Plaintiff filed the Second Amended Complaint, that pleading superseded the earlier complaint and became the operative pleading in the case. *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241 (11th Cir. 2007). Defendant's later motion, Doc. 59, was therefore a new motion directed to a new operative complaint, not merely a continuation of Doc. 51.

If the Court concludes the stay expired when Doc. 51 was decided, or to the extent the Court lifts any stay now in effect, Plaintiff respectfully requests that the Court direct Defendant to respond to Plaintiff's December 29, 2025 Request for Production within fourteen (14) days of the Court's order.

## B. Good cause exists to modify the CMSO because the parties effectively operated under a discovery pause for months.

Even if the Court concludes that discovery should resume now, good cause exists to modify the current schedule because the parties in practice treated discovery as paused for more than four months. That lost time was not caused by a lack of diligence by Plaintiff. It resulted from a court-approved stay, followed by the parties' shared treatment of discovery as paused while the motion directed to the operative complaint remained pending and while mediation was pursued.

Plaintiff is moving promptly after the May 29, 2026 mediation failed. Without schedule relief, Plaintiff will be forced to complete in substantially less time a discovery process the Court originally set over a much longer period. Because Rule 16 permits modification where the schedule cannot reasonably be met despite diligence, that

constitutes good cause for a modest and proportional adjustment of the current deadlines. *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537 (M.D. Fla. 1997); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998).

### C. Plaintiff's expert disclosure deadline should be extended by sixty days, with corresponding downstream adjustments.

Plaintiff's expert disclosure deadline is June 12, 2026. Plaintiff respectfully requests a sixty-day extension, with corresponding adjustments to Defendant's expert and rebuttal expert deadlines. Under Doc. 47, expert disclosures are scheduled months after Rule 26(a)(1) initial disclosures and months before the discovery cutoff. That structure is consistent with the purpose of expert disclosure rules, which is to give the opposing party a reasonable opportunity to prepare for effective cross-examination and, if necessary, arrange rebuttal expert testimony, and with the principle that the Court's scheduling order remains binding unless modified for good cause. *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008); *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537 (M.D. Fla. 1997).

The discovery stay materially hindered that development here. Since January 30, 2026, no documents have been produced, no depositions have been taken, and no interrogatory responses have been served. Defendant's response to Plaintiff's December 29, 2025 Request for Production was expressly tolled under Doc. 54. Without that discovery record, Plaintiff cannot meaningfully assess whether retained expert testimony will be necessary at all, what discipline of expert may be required, or what opinions any such expert could responsibly offer. Plaintiff may ultimately need

a forensic economist, a forensic accountant, a different category of expert, or no retained expert at all, depending on what Defendant's records and witness testimony reveal. The same is true for Defendant, whose expert deadline is likewise premised on discovery that has not occurred.

Plaintiff is filing this motion before the expert deadline expires, and immediately after mediation—the contemplated alternative to continued litigation—failed on May 29, 2026. That timing reflects diligence, which is the touchstone of Rule 16 good cause, and it is especially important because district courts may hold litigants to the clear terms of their scheduling orders and are under no obligation to grant post-deadline extensions. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998); *Knight Ex Rel. Kerr v. Miami-Dade County*, 856 F.3d 795 (11th Cir. 2017). The sixty-day extension sought is symmetrical, modest, and does not require any change to the July 2027 trial term.

## IV. Proposed Modified Schedule

Without prejudice to any schedule the Court deems more appropriate, Plaintiff proposes the following modifications:

    a.    Plaintiff's Expert Disclosure: from June 12, 2026 to August 11, 2026;

    b.    Defendant's Expert Disclosure: from July 13, 2026 to September 11, 2026;

    c.    Rebuttal Expert Disclosure: from July 27, 2026 to September 25, 2026;

    d.    Discovery Cutoff: from October 16, 2026 to February 16, 2027;

    e.    Dispositive Motion Deadline: from December 17, 2026 to April 17, 2027, or such other date as the Court deems appropriate; and

f.    Trial Term: unchanged.

Plaintiff does not seek any modification of the July 2027 trial term and proposes only those deadline adjustments necessary to restore a workable discovery and expert schedule.

## V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

a.  clarifying the status of the discovery stay entered pursuant to Doc. 54 following the filing of the Second Amended Complaint;

b.  to the extent any stay remains in effect, lifting it and directing that discovery proceed;

c.  directing Defendant to respond to Plaintiff's December 29, 2025 Request for Production within fourteen (14) days of the Court's order;

d.  modifying the Case Management and Scheduling Order as set forth above, including extending Plaintiff's expert disclosure deadline by sixty days and adjusting the corresponding expert, discovery, and dispositive-motion deadlines accordingly; and

e.  granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), Plaintiff conferred with Defendant's counsel regarding the relief requested herein via email. Defendant opposes the requested relief.

Respectfully submitted,

DAVID ADEEB
Plaintiff, Pro Se
6711 Bar S Bar Trl
Zephyrhills, FL 33541
727-222-3114
davidadeeb@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2026, a true and correct copy of

the foregoing was served by email on the following counsels of record for Defendant

Roxtec, Inc.:

- Amanda M. Mercado: amercado@fordharrison.com;
- Joseph H. Harris: jhharris@fordharrison.com;
- Kirk Turner: Kirk.Turner@mcafeetaft.com
- Grace DeJohn: grace.dejohn@mcafeetaft.com
- Jacob Crawford: jake.crawford@mcafeetaft.com

DAVID ADEEB
Plaintiff, Pro Se